UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELNORA NEWKIRK,<br><br>    Plaintiff,<br><br>  vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC, et al.,<br><br>    Defendants. | Case No:  C 16-5691 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Dkt. 18, 26, 27 |

Plaintiff brings the instant action against Experian Information Solutions, Inc. ("Experian"), Equifax, Inc. ("Equifax"), Transunion LLC ("Transunion"), and Capital One, National Association ("Capital One"), claiming that they improperly reported debts or delinquencies on her credit report, without taking into account that the debts were modified under the terms of a confirmed Chapter 13 reorganization plan. The Complaint alleges a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), against all Defendants; and a claim under the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code section 1785.1, et seq., against Capital One, which has since been dismissed from the action. The parties are presently before the Court on Defendants Experian and Equifax's respective motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 18, 27. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motions for the reasons set forth below.[1]

---

[1] The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

### A. FACTUAL SUMMARY

On September 13, 2013, Plaintiff filed for Chapter 13 bankruptcy protection. Dkt. 1 ("Compl.") ¶ 93. "Chapter 13 of the Bankruptcy Code affords individuals receiving regular income an opportunity to obtain some relief from their debts while retaining their property. To proceed under Chapter 13, a debtor must propose a plan to use future income to repay a portion (or in the rare case all) of his debts over the next three to five years." Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1690 (2015). "If the bankruptcy court confirms the plan and the debtor successfully carries it out, he receives a discharge of his debts according to the plan." Id. at 1690. Plaintiff's Chapter 13 bankruptcy plan was confirmed on December 5, 2013. Compl. ¶ 97. Plaintiff does not allege that she has completed her plan or that any of her debts have been discharged.

On March 29, 2016, Plaintiff ordered a three-bureau credit report from Experian. Id. ¶ 98. In the report, she "noticed 2 different tradelines … all reporting inaccurate, misleading, or incomplete information that did not comport with credit reporting industry standards." Id. ¶ 99. These trade lines allegedly reported the accounts "with past due balances, inaccurate balances, in collections, and/or charged off." Id. Plaintiff also claims that "[s]ome accounts even failed to register that Plaintiff was making payments on the account through Plaintiff's Chapter 13 plan." Id. On July 20, 2016, she responded to the report by notifying Experian and Equifax that they were "not reporting the bankruptcy accurately or worse not at all." Id. ¶¶ 100-101.

On August 26, 2016, Plaintiff ordered another three bureau credit report from Experian, and noted that the alleged "inaccuracies had not been updated or removed" in accordance with the confirmation plan. Id. ¶ 103. In particular, the report did not contain updated information regarding Plaintiff's accounts with Capital One and CashCall, Inc. Id. ¶¶ 106-108.

### B. PROCEDURAL HISTORY

On October 5, 2016, Plaintiff filed a Complaint in this Court.[2]  The first claim is for "Failure to Reinvestigate" under the FCRA, and is brought against all Defendants.  As to Capital One, the Complaint alleges that it violated 15 U.S.C. § 1681s-2(b) by furnishing information to a credit reporting agency without conducting "a reasonable investigation and re-reporting misleading and inaccurate account information."  Id. ¶¶ 113.  Credit reporting agencies Experian and Equifax are alleged to have violated 15 U.S.C. § 1681i(a) by "fail[ing] to conduct a reasonable investigation and fail[ing] to correct the misleading and or inaccurate statements on the account within the statutory time frame or at all."  Id. ¶¶ 123-124.  The second claim, which alleges a violation of the CCRAA, is brought only against Capital One.

Plaintiff has since dismissed her claims with prejudice as to Capital One.  Dkt. 44.  Remaining defendants Experian and Equifax have filed separate motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), which have been opposed by Plaintiff.  The motions are fully briefed and are ripe for adjudication.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).   "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Outdoor Media

---

[2] The instant action is one of over 200 cookie-cutter actions filed by Sagaria Law P.C. against various credit reporting agencies and data furnishers that currently are pending before various judges of this Court.  The pleadings in those actions are largely identical, with the exception of information pertinent to the individual plaintiff.

Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).  Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile.  Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011).

## III.   DISCUSSION

### A.   OVERVIEW

The purpose of the FCRA is to ensure fair and accurate credit reporting, protect consumer privacy, and promote efficiency in the banking system.  Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007); 15 U.S.C. § 1681.  The FCRA imposes duties on both consumer reporting agencies (commonly referred to as "credit reporting agencies") as well as "furnishers" that provide credit information to credit reporting agencies.  Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153 (9th Cir. 2009).

The obligations imposed upon consumer reporting agencies are set forth in 15 U.S.C. § 1681i.  Under that section of the FCRA, consumer reporting agencies must, within a specified time frame, conduct a reasonable "reinvestigation" of reported credit information if a consumer disputes the contents of the report.  15 U.S.C. § 1681i(a).  A consumer reporting agency also is required to "provide notification of the dispute to any person who provided any item of information in dispute," so that the furnisher may conduct its own investigation as required by § 1681s-2(b).  Id. § 1681i(a)(2)(A).

The obligations of furnishers are set forth in 15 U.S.C. § 1681s-2b.  Under that section, a furnisher, upon receiving notice of a dispute, must:  (1) conduct an investigation with respect to the disputed information; (2) review all relevant information provided by the consumer reporting agency; (3) report the results of the investigation to the consumer reporting agency; (4) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information; and (5) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation,

modify, delete or permanently block the reporting of that item of information.  15 U.S.C. § 1681s-2(b)(1).

The FCRA creates a private right of action for willful or negligent noncompliance with either § 1681i or 1681s-2(b).  Gorman, 584 F.3d at 1154.  Upon a showing of negligence, a plaintiff may recover "any actual damages sustained by the consumer as a result of the failure."  15 U.S.C. § 1681o(a)(1).  If a failure to comply with either § 1681i or § 1681s-2(b) is willful, a consumer may recover actual damages or statutory damages between $100 and $1000, as well as any appropriate punitive damages.  15 U.S.C. § 1681n(a).

### B.    CONTENTIONS

Movants contend that Plaintiff's FCRA claim is flawed because the pleadings fail to identify any inaccurate or misleading statements in the credit report.  A prerequisite for bringing a claim against a credit reporting agency under § 1681i or § 1681s-2(b) is the existence of an actual inaccuracy in the credit report.  Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 890 (9th Cir. 2010) ("Although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement."); Chiang v. Verizon New Eng. Inc., 595 F.3d 26, 37 (1st Cir. 2010) (holding that, like an FCRA claim against a credit reporting agency, a claim against a furnisher under § 1681s-2(b) requires the showing of an "actual inaccuracy").  A report is "inaccurate" if it contains information that is either "patently incorrect" or "materially misleading."  Gorman, 584 F.3d at 1163 (quotation marks omitted).  "[A]t the very least, information that is inaccurate 'on its face,' is 'patently incorrect.'"  Drew v. Equifax Info. Servs., LLC, 690 F.3d 1100, 1108 (9th Cir. 2012).

Here, Plaintiff alleges that her credit reports contained "inaccurate" information because the information regarding Capital One accounts did not reflect the terms of her confirmed Chapter 13 plan. Compl. ¶¶ 99, 101, 106-108. According to Plaintiff, a "confirmation order is a final judgment which fixes the amount of debt owed," and that "once a chapter 13 plan is confirmed a creditor is bound by the terms of the plan and its claim must conform to the treatment that it is subject to under the chapter 13 plan." Opp'n at 10-11, Dkt. 32. The problem for Plaintiff, however, is that her theory of liability is untenable under Ninth Circuit authority. A debt is not discharged until all payments under a confirmed plan have been completed. In re Blendheim, 803 F.3d 477, 486 (9th Cir. 2015) (citing 11 U.S.C. § 1328(a)).[3] Until then, the mere confirmation of a payment plan is insufficient to alter the legal status of a debt; this is so because if a debtor fails to comply with the Chapter 13 plan, the debtor's bankruptcy petition can be dismissed—in which case the debt will be owed as if no petition for bankruptcy was filed. Id. at 487.

Because the legal status of a debt does not change unless and until the debtor's debts have been discharged, courts have consistently ruled that it is neither misleading nor inaccurate to report delinquent debts that have not been discharged. See, e.g., Blakeney v. Experian Info. Sols., Inc., No. 15-CV-05544-LHK, 2016 WL 4270244, *5 (N.D. Cal. Aug. 15, 2016) (finding that although reporting delinquent payments may be misleading if the debts have been discharged in bankruptcy, "it is not misleading or inaccurate to report delinquent debts that have not been discharged") (citing cases); Mortimer v. JP Morgan Chase Bank, Nat. Ass'n, No. C 12-1936 CW, 2012 WL 3155563, *3 (N.D. Cal. Aug. 2, 2012) ("While it might be good policy in light of the goals of bankruptcy protection to bar reporting of late payments while a bankruptcy petition is pending, neither the bankruptcy code nor the FCRA does so.").

---

[3] Section 1328(a) provides: "[A]s soon as practicable after completion by the debtor of all payments under the plan, ... the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title...."

Plaintiff faults the case law rejecting her theory of liability under the FCRA on the ground that it does not consider the effect of 11 U.S.C. §§ 1322(b)(2) and 1327.  This contention lacks merit.  Section 1322 specifies the requirements of a Chapter 13 plan, and subsection (b)(2), in particular, allows debtors to seek to modify the rights of creditors.  See In re Boukatch, 533 B.R. 292, 296 (B.A.P. 9th Cir. 2015); see also 11 U.S.C. § 1325 (authority to confirm a plan).  Although § 1327(a) makes the confirmation plan binding on both the debtor and creditor and limits a creditor's ability to collect on a debt outside of the plan, the confirmation of a plan, standing alone, does not legally alter the debt or the fact that payments are in arrears.  See Biggs v. Experian Info. Sols., Inc., No. 5:16-CV-01507-EJD, 2016 WL 5235043, at *3 (N.D. Cal. Sept. 22, 2016) (noting that "while § 1327(a) imparts a restraint on creditors' ability to collect outside of the plan's terms, it does not 'absolve' or erase either the debt or the fact that payments are past due.").  The debtor's liability on the debt is not eliminated unless or until the debt is discharged upon successful completion of the plan.  See In re Blendheim, 803 F.3d at 487; see also Menk v. Lapaglia (In re Menk), 241 B.R. 896, 908 (9th Cir. BAP 1999) (noting that under 11 U.S.C. § 524(a), "the debtor receives a discharge, eliminating personal liability and operating as a permanent injunction to enforce that elimination of liability").[4]

In sum, the confirmation of a Chapter 13 bankruptcy plan does not discharge a debtor's debts.  Such debts are not discharged unless and until the debtor has successfully completed the requirements of his or her bankruptcy plan.  In this case, Plaintiff has neither alleged in the Complaint nor argued in opposition to the motions to dismiss that she has successfully completed her plan or that her debts have been discharged.  As such, she cannot complain that her credit report contains inaccurate or misleading information regarding those debts.  The Court therefore dismisses Plaintiff's FCRA claim because it

---

[4] In passing, Plaintiff alleges that Defendants' practices "did not comport with credit reporting industry standards."  Compl. ¶¶ 99, 80.  However, vague allegations that Defendants' reporting practices did not comport with industry standards are insufficient to state a claim under the FCRA.  Devincenzi v. Experian Info. Sols., Inc., No. 16-CV-04628-LHK, 2017 WL 86131, at *7 (N.D. Cal. Jan. 10, 2017)

1 was neither misleading nor inaccurate for Equifax and Experian to not report the terms of
2 Plaintiff's confirmation plan in her credit report.  Although the Court typically grants leave
3 to amend following the dismissal of a claim, Plaintiff has not identified any additional facts
4 that would cure the deficiencies discussed above.  See Bonin v. Calderon, 59 F.3d 815, 845
5 (9th Cir. 1995) (holding that a court may properly deny leave to amend "where the movant
6 presents no new facts but only new theories and provides no satisfactory explanation for his
7 failure to fully develop his contentions originally").  Accordingly, said claim is
8 DISMISSED without leave to amend.  Cervantes, 656 F.3d at 1041.

## IV.  CONCLUSION

For the reason stated above,

IT IS HEREBY ORDERED THAT Defendants' respective motions to dismiss are GRANTED.  The Clerk shall close the file and terminate all pending matters.[5]

IT IS SO ORDERED.

Dated:  3/16/17

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

---

[5] Defendants' pending motion to consolidate, Dkt. 36, is denied as moot.