UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELNORA NEWKIRK,<br><br>      Plaintiff,<br><br>  vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC, et al.,<br><br>      Defendants. | Case No:  C 16-5691 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT** |

Plaintiff filed the instant action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), and the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code section 1785.1, et seq., alleging that various credit reporting agencies and certain of his creditors improperly reported debts or delinquencies on his credit report.  The Court previously granted motions to dismiss brought by defendants Experian Information Solutions, Inc. ("Experian") and Equifax, Inc. ("Equifax"), and entered judgment in favor them. The parties are presently before the Court on Plaintiff's Motion to alter the judgment.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion.[1]

I. **BACKGROUND**

On October 5, 2016, Plaintiff filed a Complaint against credit reporting agencies Experian and Equifax, and credit information furnisher Capital One, National Association

---

[1] The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

("Capital One").  The first cause of action for violation of the FCRA was alleged against all Defendants, while the second cause of action for violation of the CCRAA only named Capital One as a party-defendant.  Dkt. 1.  On February 16, 2017, Plaintiff filed a stipulation for dismissal with prejudice as to Capital One, pursuant to Federal Rule of Civil Procedure 41(a)(2).  Dkt. 43.[2]

In response to the Complaint, Equifax and Experian filed separate motions to dismiss, pursuant to Rule 12(b)(6), which the Court granted on March 16, 2017.  Dkt. 47.  Finding that further amendment to the pleadings would be futile, the Court dismissed the claims as to Equifax and Experian, without leave to amend.  In accordance with the dismissal order, the Court entered judgment in favor of these Defendants on the same day as the dismissal order.  Dkt. 48.

On April 7, 2017, Plaintiff filed a motion to alter the Court's March 16, 2017, judgment, pursuant to Federal Rule of Civil Procedure 59(e).  Dkt. 49.  Specifically, Plaintiff seeks to file an amended complaint with new allegations as to Capital One, notwithstanding the fact that he previously dismissed his claims against that party with prejudice.  On the same day, the Court denied the motion based on Plaintiff's failure to comply with the Court's meet and confer requirement prior to filing his motion.  Dkt. 50.  Plaintiff refiled his motion on May 8, 2017.  Dkt. 52.  Experian has filed an opposition to the motion.  Dkt. 53.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend the judgment within twenty-eight days of entry of the judgment.  A motion to amend judgment may only be granted where: "1) the motion is 'necessary to correct *manifest errors of law or fact upon which the judgment is based*;' 2) the moving party presents 'newly discovered or previously unavailable evidence;' 3) the motion is necessary to

---

[2] The stipulation for dismissal states, in relevant part:  "Capital One [shall] be dismissed from this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), and that each party shall bear its own attorneys' fees and costs."  Dkt. 43.

'prevent manifest injustice;' or 4) there is an 'intervening change in controlling law.'" Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (emphasis in original, citation omitted). The court has "considerable discretion in granting or denying the motion." McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc). However, amending a judgment remains an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).

## III.     DISCUSSION

Plaintiff's motion fails both procedurally and substantively. As an initial matter, the motion is untimely. Judgment was entered on March 16, 2017, and the twenty-eight day period for filing a Rule 59(e) motion lapsed on April 13, 2017. Plaintiff timely filed his first motion to alter the judgment on April 7, 2017. Dkt. 49. However, the Court denied the motion without prejudice to renewal, based on Plaintiff's failure to comply with the Court's meet and confer requirement. Dkt. 50. It was not until May 8, 2017 – 53 days after the entry of judgment – that Plaintiff filed his renewed motion. Dkt. 52. "The time period for filing a Rule 59(e) motion is jurisdictional and cannot be extended by the court." Carter v. United States, 973 F.2d 1479, 1488 (9th Cir. 1992); Fed. R. Civ. P. 6(b)(2). Because Rule 59(e) is jurisdictional, the Court the lacks jurisdiction to grant the relief requested by Plaintiff. Id.

Jurisdictional bar aside, Plaintiff's motion fails to demonstrate any basis for altering or amending the judgment under Rule 59(e). In its motion, Plaintiff contends that the Court should vacate the judgment and permit her to file an amended complaint to make "more specific allegations" that "the failure of Capital One, National Association to update Plaintiff's account to show payments made and a reduction of the outstanding balance is inaccurate and misleading." Mot. at 4-5. However, the Court did not grant Experian and Equifax's motions to dismiss based on any deficiencies with respect to the allegations against Capital One. Moreover, permitting Plaintiff to proffer additional allegations against Capital One is inappropriate given that, prior to the entry of judgment, Plaintiff voluntarily

dismissed her claims against that party.  Since Plaintiff dismissed those claims with prejudice, filing an amended complaint to provide additional facts regarding Capital One's conduct is futile.  See Concha v. London, 62 F.3d 1493, 1507 (9th Cir. 1995) (holding that by obtaining a voluntary dismissal with prejudice, "the plaintiff submits to a judgment that serves to bar his claims forever").

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiff's motion to alter the judgment is DENIED.

IT IS SO ORDERED.

Dated:  5/30/17

*[signature]*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge